**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GRADY RAY PALMER, JR., et al** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **Civil Action No. 1:08cv236HSO-JMR** |
| | § | |
| | § | |
| **OCEAN CLUB AT BILOXI, LTD., et al** | § | **DEFENDANTS** |

**ORDER AND REASONS DENYING DEFENDANT'S
MOTION TO DISMISS PURSUANT TO RULE 12(b) OR
ALTERNATIVELY FOR SUMMARY JUDGMENT PURSUANT TO RULE 56**

BEFORE THE COURT is the Motion [7] of Defendant Presidian
Destinations, Ltd. ("Presidian"), to Dismiss Pursuant to Rule 12(b) or Alternatively
for Summary Judgment Pursuant to Rule 56, filed on or about June 30, 2008, in the
above captioned cause.  Plaintiffs filed a Response [13] and Defendant filed a
Rebuttal [19].   After consideration of the submissions, the record in this case, and
the relevant legal authorities, and for the reasons discussed below, the Court finds
that Defendant's Motion should be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed their Complaint on or about June 9, 2008, against Defendants
Presidian, Ocean Club at Biloxi, Ltd. ("Ocean Club"), GCID Realty, Inc. ("GCID"),
and John Does 1 to 100, alleging violations of the Interstate Land Sales Full
Disclosure Act ("ILSFDA" or "Act"), 15 U.S.C. §1701, *et seq*.[1]  Plaintiffs Grady and

---

[1] Plaintiffs also assert various state law claims.

Laura Palmer (the "Palmers" or "Palmer Plaintiffs") entered into a purchase and

sale agreement ("Agreement") on or about June 9, 2005, for the purchase of a

condominium unit located in Biloxi, Mississippi.  The unit was part of a

development project ("Project") described "as a community known as The Ocean

Club," which was allegedly subject to the requirements of the ILSFDA, and not

subject to any ILSFDA exemptions.  According to the Complaint, both Ocean Club

and Presidian acted as developers and agents within the meaning of the ILSFDA at

all times relevant to this lawsuit.

Plaintiffs maintain that Defendants violated the ILSFDA in connection with

the sale of condominium units in the Project, including the execution of the

Agreement with the Palmers.[2]  Plaintiffs seek rescission of the Agreement and

return of their earnest money, as well as actual, punitive, trebled, and/or exemplary

damages, attorney's fees, court costs, and pre- and post-judgment interest.

Relying upon Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and

56, Defendant Presidian moves to dismiss Plaintiffs' claims against it on the

---

[2]  Alleged violations of the ILSFDA include: failure to comply with the
registration requirements of §1703(a)(1)(A); failure to comply with the disclosure
requirements of §1703(a)(1)(B) and §1707, and with the related two-year revocation
requirement of §1703(c); failure to comply with the revocation requirement of
§1703(b), in that the Agreement does not clearly provide that the Palmers have the
absolute right granted by that section to revoke the Agreement until midnight of
the seventh day following the signing of the Agreement; failure to comply with the
"acceptable for recording" requirement of §1703(d)(1); failure to comply with the
twenty day right to cure defaults requirement of §1703(d)(2); and violation of the
prohibition of §1703(a)(2)(A) against employing any device, scheme or artifice to
defraud.  *See* Compl.; *see also* Mem. in Supp. of Pls.' O'ppn at p. 4, n.3.

grounds that it is not a developer or agent within the meaning of the ILSFDA.  In

support of its position, Presidian has submitted the affidavit of Drake Leddy

("Leddy Affidavit"), the majority partner in Presidian, who avers that Presidian did

not represent or act on behalf of any party who was a "developer," as that term is

defined under the Act, with regard to the sale of any condominium units at the

Project.

## II.  DISCUSSION

A.      The Interstate Land Sales Full Disclosure Act ("ILSFDA")

"The underlying purpose of the [ILSFDA] is to insure that a buyer, prior to

purchasing certain kinds of real estate, is informed of facts which will enable him to

make an informed decision about purchasing the property."  *Law v. Royal Palm*

*Beach Colony, Inc.*, 578 F.2d 98, 99 (5th Cir. 1978).  The Act protects "purchasers"

from abuse by real estate "developers" through interstate commerce and the use of

the mails in the promotion and sale of properties offered as part of a common

promotional plan.  *See Paniaguas v. Aldon Companies, Inc.*, No. 2:04cv468, 2005

WL 1983859, at * 4 (N.D. Ind. Aug. 17, 2005)(*citing Narzig v. Helopen Developers*,

380 A.2d 1361, 1362 (Del. 1977)); *see also Law*, 578 F.2d at 99; *Batholomew v.*

*Northampton Nat. Bank of Easton, Pa.*, 584 F.2d 1288, 1292 (3d Cir. 1978) (stating

that "[t]he Land Sales Act provides for regulation of the sales of real estate lots in

subdivisions by requiring disclosure of certain information about the property.").

The ILSFDA provides a purchaser of property with a cause of action against

a developer or agent of the developer for violations of its registration and disclosure

provisions, which are found in §1703(a) of the Act. *See* 15 U.S.C. §1709; *see also*

*Paniagus*, 2005 WL 1983859, at * 4. A purchaser must show that he or she

purchased a lot subject to the Act from a defendant who qualifies as a developer or

developer's agent. *See Paniagus*, 2005 WL 1983859, at *4.

B.      Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule
        12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). This challenge may take the form

of either a facial or factual attack upon a plaintiff's complaint. *See Williamson v.*

*Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Where a facial attack is made, the

plaintiff is left with safeguards similar to those found under a Rule 12(b)(6) motion

to dismiss for failure to state a claim, and the court must consider the allegations in

the plaintiff's complaint as true. *See id.* Where, however, the attack questions the

asserted factual basis for jurisdiction, "no presumptive truthfulness attaches to

plaintiff's allegations, and the existence of disputed material facts will not preclude

the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. at

413.

Upon a factual challenge, the court may consider "matters outside the

pleadings, such as testimony and affidavits" and make its own determination of

disputed factual issues. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511

(5th Cir. 1980). In this instance, no right to a jury exists. *See Williamson*, 645 F.2d

at 414.  Where, however,

> the defendant's challenge to the court's jurisdiction is also a challenge to
> the existence of a federal cause of action, the proper course of action for
> the district court (assuming that the plaintiff's federal claim is not
> immaterial and made solely for the purpose of obtaining federal
> jurisdiction and is not insubstantial and frivolous) is to find that
> jurisdiction exists and deal with the objection as a direct attack on the
> merits of the plaintiff's case.

*See id.* at 415.

Essentially, "federal claims should not be dismissed on motion for lack of

subject matter jurisdiction when that determination is intermeshed with the merits

of the claim and when there is a dispute as to a material fact."  *Lawrence v. Dunbar*,

919 F.2d 1525, 1531 (11th Cir. 1990) (*referencing Williamson v. Tucker*, 645 F.2d

404, 412 (5th Cir. 1981)).

> The Supreme Court has made it clear that in that situation no purpose
> is served by indirectly arguing the merits.  This refusal to treat indirect
> attacks on the merits as Rule 12(b)(1) motions provides, moreover, a
> greater level of protection to the plaintiff who in truth is facing a
> challenge to the validity of his claim: the defendant is forced to proceed
> under Rule 12(b)(6) (for failure to state a claim upon which relief can be
> granted) or Rule 56 (summary judgment)–both of which place greater
> restrictions on the district court's discretion.

*Williamson,* 645 F.2d at 415.

Defendant Presidian's Motion does not attack the facial insufficiency of

Plaintiffs' Complaint, but instead presents a factual challenge as to whether a

federal cause of action exists.[3]  Presidian has submitted the Leddy Affidavit in

---

[3]The Complaint alleges jurisdiction based upon the ILSFDA and clearly
asserts that Defendant Presidian was a developer or agent within the meaning of
the ILSFDA.  There is no serious dispute that Presidian has made a Rule 12(b)(1)

support of its position that Plaintiffs have failed to establish ILSFDA claims

against it on the grounds that it is neither a "developer" nor an "agent" under the

Act. Plaintiffs have submitted the affidavit of Donna Seoane ("Seoane Affidavit")

and excerpts from Presidian and Ocean Club's websites, as well as various news

articles, for the purpose of establishing that Presidian is a "developer" or an "agent"

under the Act. Where jurisdiction depends upon the application of facts to

statutorily defined terms to ascertain whether a duty is owed by the defendant to

the plaintiff under the ILSFDA, "that determination will, at the same time,

effectively decide the merits of plaintiffs' claim."[4] *Eaton v. Dorchester Development,*

*Inc.*, 692 F.2d 727, 734 (11th Cir. 1982) (finding, based upon Fifth Circuit

precedent, that jurisdictional issues were inextricably intertwined with the merits

of the plaintiffs' case where the defendant asserted a lack of subject matter

jurisdiction because it was a "subdivision" exempt from the ILSFDA, rather than a

---

factual, not facial, attack on Plaintiff's Complaint. *See* Def.'s Rebuttal at p. 4 (stating "Presidian has made a factual attack on the allegations of the complaint and not a facial attack.").

[4]Presidian asserts that this is not a case where the jurisdictional facts are intertwined with the merits of the case. *See* Def.'s Rebuttal at p. 6. In support of its position, Presidian cites a number of cases in which it claims that defendants sought dismissal for lack of subject matter jurisdiction on the grounds that they were not "developers" or "agents" under the Act. *See id.* at p. 5. However, the defendants in all of the cases cited by Presidian sought dismissal under either summary judgment or Rule 12(b)(6) standards. *See Bartholomew v. Northampton Nat. Bank of Easton, Pa.*, 584 F.2d 1288 (3d Cir. 1978); *Paniaguas v. Aldon*, No. 2:04cv468, 2005 WL 1983859 (N.D. Ind. Aug. 17, 2005); *Zachery v. Treasure Lake of Georgia, Inc.*, 374 F. Supp. 251 (N.D. Ga. 1974); *Adema v. Great Northern Development Co.*, 374 F. Supp. 318 (N.D. Ga. 1973).

"common promotional plan" under the Act).

Because Presidian's jurisdictional challenge attacks the merits of Plaintiffs'

claims against it, the Court, guided by *Williamson*, can only dismiss Plaintiffs'

claims for lack of subject matter jurisdiction if they "clearly appear to be immaterial

and made solely for the purpose of obtaining jurisdiction," or are "wholly

insubstantial and frivolous."[5]  *Williamson*, 645 F.2d at 416 (*quoting Bell v. Hood*,

327 U.S. 678, 682 (1945)); *see also Eaton*, 692 F.2d at 734.  The Court is of the

opinion that Plaintiffs' claims against Presidian do not fall within either of these

exceptions, such that dismissal on Rule 12(b)(1) grounds must be denied.[6]

———————————

[5]Presidian cites *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169 (5th Cir. 1994), for the proposition that the Court has authority to resolve factual disputes on its Rule 12(b)(1) motion.  However, the Fifth Circuit in *Montez v. Department of Navy*, 392 F.3d 147, 150 (5th Cir. 2004), recognized that *Moran* "carved out a limited exception to the general rule requiring the application of a 12(b)(6) or summary judgment standard to resolve issues dispositive of both subject matter jurisdiction and the merits..." and noted that it "took pains to explain why that exception applies only to cases brought under the [Foreign Sovereign Immunities Act] FSIA, inasmuch as FSIA claims involve immunity from suit."  *Montez*, 392 F.3d at 150.  *Moran* is therefore inapposite to the question before this Court and the general rule under *Williamson*, whereby a jurisdictional attack intertwined with the merits of a federal cause of action should be denied on Rule 12(b)(1) grounds.

[6] The Court notes that even if the question of subject matter jurisdiction were not inextricably intertwined with the merits of Plaintiffs' case, it would be premature to grant Presidian's Rule 12(b)(1) Motion since discovery has not yet commenced.  *See Williamson*, 645 F.2d at 414 (finding that a district court, on a Rule 12(b)(1) factual attack on a plaintiff's complaint, "must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss"); *see also Eaton*, 692 F.2d at 730 (holding a district court's dismissal on an ILSFDA claim for lack of subject matter jurisdiction premature where discovery had not yet completed); *Pigott v. Sanibel Development*, 508 F. Supp. 2d 1028, 1036 (S.D. Ala. 2007).

C.      Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)

A suit may be dismissed pursuant to Rule 12(b)(2) if personal jurisdiction over a non-resident defendant is lacking. "Personal jurisdiction over a non-resident defendant in a federal question case is determined by reference to the law of the state in which the court sits, unless otherwise provided by federal law." *Gardner v. Clark*, 101 F. Supp. 2d 468, 474 (N.D. Miss. 2000); *see also Frass v. Southern Pacific Trans. Co.*, 810 F. Supp. 189, 191 (S.D. Miss. 1993) (*citing Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987)). Because the ILSFDA does not provide for nationwide service of process on non-resident defendants, this Court can only exercise personal jurisdiction over Presidian to the extent permitted by Mississippi law. *See id.* (*citing Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)); *see also* 15 U.S.C. §1719; *Rolo v. City Investing Co. Liquidating Trust*, 845 F. Supp. 182, 214 (D. N.J. 1993).

Under Mississippi law, the propriety of personal jurisdiction over a non-resident defendant is determined by a two-step inquiry: (1) the defendant must be amenable to service of process under the Mississippi long-arm statute; and (2) the exercise of jurisdiction under the state statute must comport with the dictates of the Due Process Clause of the Fourteenth Amendment. *See Gardner*, 101 F. Supp. 2d at 474 (*citing Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05 (1987)). The Mississippi long-arm statute permits a court to exercise personal jurisdiction over a non-resident defendant who: (1) makes a contract with a resident of this

state to be performed in whole or in part by any party in this state; (2) commits a tort in whole or in part in this state against a resident or non-resident of this state; or (3) does any business or performs any character of work or service in this state. *See Internet Doorway, Inc. v. Parks*, 138 F. Supp. 2d 773, 775 (S.D. Miss. 2001); *see also* MISS. CODE ANN. § 13-3-57.

Plaintiff's Complaint asserts that Presidian was "doing business" in Mississippi when it allegedly engaged in purposeful activities for profit in Mississippi in violation of the ILSFDA. Under the "doing business prong" of the Mississippi long-arm statute, the non-resident "(1) must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice." *Internet Doorway*, 138 F. Supp. 2d at 775 (*quoting Gross v. Chevrolet Country, Inc.*, 655 So. 2d 873, 877 (Miss. 1995)). One is "deemed to be doing business" if he "perform[s] any character of work or service in this state." *Cypress Pharmaceutical, Inc. v. Tiber Laboratories, LLC*, 504 F. Supp. 2d 129, 133 (S.D. Miss. 2007) (*citing* MISS. CODE ANN. § 13-3-57). The Mississippi Supreme Court has further defined the phrase "doing business" to include doing "various acts here for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object." *Id. (quoting Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 882 (5th Cir. 1993)); *see also McDaniel v. Ritter*, 556 So. 2d 303, 309 (Miss. 1989).

The due process inquiry asks whether "(1) the defendant purposefully
directed its activities at residents of the forum, (2) the claim arises out of or relates
to those activities, and (3) assertion of personal jurisdiction is reasonable and fair."
*Id.* (*quoting Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444
F.3d 1356, 1363 (Fed. Cir. 2006)); *see also Guidry v. United States Tobacco Co.*, 188
F.3d 619 (5th Cir. 1999). "With respect to the last prong, the burden of proof is on
the defendant, which must 'present a compelling case that the presence of some
other considerations would render jurisdiction unreasonable' under the five-factor
test articulated by the Supreme Court in *Burger King*."[7]  *Id.* (*quoting Breckenridge
Pharmaceutical, Inc.*, 444 F.3d at 1363); *see also Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 476-77 (1985).

In support of its Rule 12(b)(2) Motion, Presidian has submitted the Leddy
Affidavit to establish that it is neither a "developer" nor an "agent" under the Act
and is therefore "outside of the class of persons subject to the jurisdiction of the
court in ILSFDA claims."  Mem. in Supp. of Def.'s Mot. at p. 6-7; *see also* Leddy Aff.,
attached as Ex. "A" to Def.'s Mot.  The Court is of the opinion that Presidian's
argument is inapposite to the personal jurisdiction inquiry since the affidavit does

---

[7]In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), the Court
determined that "courts in 'appropriate case[s]' may evaluate 'the burden on the
defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's
interest in obtaining convenient and effective relief,' 'the interstate judicial system's
interest in obtaining the most efficient resolution of controversies,' and the 'shared
interest of the several States in furthering fundamental substantive social policies.'"
*Burger King*, 417 U.S. at 476-77 (*quoting World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286, 292 (1980)).

not refute the requirements of Mississippi's long-arm statute or the due process

analysis the Court must employ.  To the extent the affidavit has any bearing on the

personal jurisdiction question, no weight is afforded to it on the grounds that

Plaintiffs have submitted a dueling affidavit, the Seoane Affidavit, to establish that

Presidian falls under the purview of the Act.[8]  *See Wyatt v. Kaplan*, 686 F.2d 276,

280 (5th Cir. 1982) (holding "[c]onflicts between...affidavits submitted on the

question of personal jurisdiction are thus resolved in favor of the plaintiff."); *see also*

*Tropical Cruise Lines, S.A. v. Vesta Ins. Co.*, No. S91-0440(R), 1992 WL 392637, at

*5 (S.D. Miss. May 6, 1992).

Plaintiffs' Complaint asserts that Presidian committed violations of the

ILSFDA through its involvement in the sales of condominium units located in

Biloxi, Mississippi.  Presidian allegedly engaged in "substantial business activities

in Mississippi" and "[d]irectly or indirectly, participated in the development,

marketing, advertising, offering for sale or lease and/or benefited [sic] from the

offering for sale and/or lease of lots..in the subdivision...to the general public...."

Compl. at ¶ 5(ii).  The Palmer Plaintiffs are Mississippi residents purportedly

aggrieved by Presidian's activities within the state.  Based upon the factual

allegations, the Court is of the opinion that Plaintiffs have made a prima facie

showing of this Court's personal jurisdiction over Presidian.  Presidian's Motion as

---

[8]The Court acknowledges that Plaintiffs submitted the Seoane Affidavit "for the limited purpose of their opposition to so much of Presidian's motion as seeks to obtain summary judgment."  Mem. in Supp. of Pls.' Opp'n at p. 1.  However, the Court finds that it also assists the Court in resolving the Rule 12(b)(2) issue.

it relates to Rule 12(b)(2) must be denied.

D.    Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6), or Alternatively for Summary Judgment Pursuant to Rule 56

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See Baker v. Putnal* , 75 F.3d 190, 196 (5th Cir. 1996) (*citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)).  "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds*)).

Where the Court considers matters outside the pleadings, Rule 12(d) requires that a motion to dismiss be treated as one for summary judgment.  *See Central Nat'l*

*Bank of Waco v. FDIC*, 910 F.2d 1279, 1280 (5th Cir. 1990).  If the movant meets

his burden by proving the absence of a genuine issue of material fact, then "the

nonmovant must go beyond the pleadings and designate specific facts showing that

there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

(5th Cir. 1994) (*citing Celotex Corp. v. Catrett*, 477 U. S. 317, 325 (1986)).  The non-

movant cannot discharge this burden by referring to the mere allegations or denials

of the non-moving party's pleadings; rather, the non-movant must, by either

submitting opposing evidentiary documents or referring to evidentiary documents

already in the record, set out specific facts showing that a genuine issue as to a

material fact exists.  *See Celotex Corp.*, 477 U.S. at 324; *Reese v. Anderson*, 926

F.2d 494, 498 (5th Cir. 1991); FED. R. CIV. P. 56(e).

Both parties have submitted matters outside the pleadings for the Court's

consideration.  *See* Leddy Affidavit, attached as Ex. "A" to Def.'s Mot.; Seoane

Affidavit, attached as Ex. "A" to Pls.' Opp'n.  Plaintiffs contend that Presidian's

submission, the Leddy Affidavit, should be excluded because it consists of

conclusory and self-serving statements, and that its Motion should, therefore, be

treated as one under Rule 12(b)(6) instead of one for summary judgment.  The

Court, however, need not make this determination since it is of the opinion that

Presidian's Motion must be denied under either a Rule 12(b)(6) or a summary

judgment analysis.

To qualify for ILSFDA protection, Plaintiffs must demonstrate that they

purchased a condominium unit, or units, offered as part of a common promotional

plan, from a defendant who qualifies as a developer or developer's agent.  *See*

*Paniaguas v. Aldon Companies, Inc.*, No. 2:04cv468, 2005 WL 1983859, at *4 (N.D.

Ind. Aug. 17, 2005).  The ILSFDA defines a developer as "any person who, directly

or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease

any lots in a subdivision."[9]  15 U.S.C. §1701(5).  The ILSFDA defines any agent as

"any person who represents, or acts for or on behalf of, a developer in selling or

leasing or offering to sell or lease any lot or lots in a subdivision."  15 U.S.C.

§1701(6).  The ILSFDA defines "common promotional plan" as

> a plan, undertaken by a single developer or a group of developers acting
> in concert, to offer lots for sale or lease; where such land is offered for sale
> by such a developer or group of developers acting in concert, and such
> land is contiguous or is known, designated, or advertised as a common
> unit or by a common name, such land shall be presumed, without regard
> to the number of lots covered by each individual offering, as being offered
> for sale or lease as part of a common promotional plan.

15 U.S.C. §1701(4).

The determining factor in deciding whether a defendant is a developer or an

agent under the Act is "whether each defendant participated in the sales or could be

considered a controlling person in an organization that participated in the sales."

*Paniaguas*, 2005 WL 1983859, at *4.  Furthermore, an indirect seller is one who

---

[9]Subdivision is defined as "any land which is located in any State or in a foreign country and is divided or is proposed to be divided into lots, whether contiguous or not, for the purpose of sale or lease as part of a common promotional plan."  15 U.S.C. §1701.

"conducts selling efforts through means other than direct, face-to-face contact with buyers." *Id*. at * 4, n.1 (*citing Bartholomew v. Northampton Nat'l Bank of Easton, Pa.*, 584 F.2d 1288, 1293 (3d Cir. 1978)).  To defeat a motion to dismiss under Rule 12(b)(6), it must be alleged that the defendant was the actual seller or was otherwise involved in the sale of property subject to ILSFDA regulation.  *See id*. at *5.

Here, Plaintiffs allege that Presidian, together with Ocean Club, directly or indirectly developed, marketed, advertised, offered to sell, and participated in the offering for sale and/or contract for the sale of, condominium units located in the Project, to them and to others, and subsequently presented Plaintiffs with a proposed purchase and sale agreement.  *See* Compl. ¶¶ 7(a)-(b), 10, 11.  The Complaint contends that Presidian acted as both a "developer" and "agent" in the selling and marketing of the Project, and directly and/or indirectly held a beneficial interest in the Project, and/or realized financial gain in the sale of the condominium units.  *See id*. ¶¶ 12, 13.  The Complaint further asserts that Ocean Club and Presidian engaged in a "common promotional plan" by developing and selling units in two additional projects known as the Vidorra project, located in San Antonio, Texas, and the Peninsula Resort and Club Grand Lake, located in Monkey Island, Oklahoma.  *See id*. ¶ 26.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must only contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  Based upon

the foregoing, the Court is of the opinion that Plaintiffs have pled Presidian's

involvement in the sale of property subject to ILSFDA regulation with particularity

sufficient to defeat Presidian's Rule 12(b)(6) Motion.  Contrary to Presidian's

assertions that these allegations are "vague," the Court finds that the factual

allegations pled are "enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true." *Bell Atlantic*

*Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  Presidian has not satisfied its

Rule 12(b)(6) burden of demonstrating that Plaintiffs' Complaint fails to state a

claim against it upon which relief can be granted.  The Court will deny Presidian's

Motion on this ground.

If the Court considers the Leddy Affidavit, Presidian's Rule 12(b)(6) Motion is

more properly treated as one for summary judgment.  The Leddy Affidavit denies

that Presidian engaged in activities rendering it a "developer" or an "agent" within

the meaning of the Act, and likewise denies that it utilized or participated in the

utilization of a "common promotional plan" within the meaning of the Act.  The

Seoane Affidavit submitted by Plaintiffs includes excerpts of Presidian's website

whereby Presidian advertises itself as "developer" of the Ocean Club in Biloxi,

Mississippi.  The Seoane Affidavit also includes excerpts of the Ocean Club website

and various news articles identifying Presidian as the Project's developer.  Seoane

states that "[t]he developer internet page identifies two other development projects

-16-

in which Presidian is the developer as 'Vidorra, San Antonio, Texas' and 'Peninsula

Grand Lake, Monkey Island, Oklahoma.'" Seoane Aff. ¶ 9(d), attached as Ex. "A" to

Pls.' Opp'n.

The Court is of the opinion that these affidavits create a material dispute of

fact as to whether Presidian was a "developer" or "developer's agent" pursuant to

the ILSFDA.  For these reasons, summary judgment cannot be granted in

Presidian's favor.

E.      Pendent State Law Claims

In any civil action where a federal court has original jurisdiction over certain

claims, it has supplemental jurisdiction pursuant to §1367(a) of title 28 of the

United States Code over any other claims arising out of the same set of operative

facts as those claims giving rise to original jurisdiction.  *See* 18 U.S.C. § 1367(a); *see*

*also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 557-58 (2005).  This

Court has original jurisdiction over Presidian's ILSFDA claims.  *See* 15 U.S.C.

§1719.  Because the dismissal of Plaintiffs' ILSFDA claims against Presidian is

inappropriate, and because Plaintiffs' pendent state law claims arise from the same

set of facts as the ILSFDA claims, the Court retains supplemental jurisdiction over

Plaintiffs' pendent state law claims.

### III.  CONCLUSION

Based upon the foregoing, Presidian's Motion must be denied pursuant to

Rules 12(b)(1), 12(b)(2), 12(b)(6), and 56 of the Federal Rules of Civil Procedure.

The Court retains jurisdiction to hear Plaintiffs' ILSFDA claims, as well as their state law claims, against Presidian.

   **IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion [7] of Defendant Presidian Destinations, Ltd., to Dismiss Pursuant to Rule 12(b) or Alternatively for Summary Judgment Pursuant to Rule 56, filed in the above captioned cause on or about June 30, 2008, should be and is hereby **DENIED**.

   **SO ORDERED AND ADJUDGED**, this the 21st day of October, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE